## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**JENNIFER MURPHREY RULON**              **CASE NO.  2:21-CV-02888**

**VERSUS**                               **JUDGE JAMES D. CAIN, JR.**

**ALLSTATE VEHICLE & PROPERTY**          **MAGISTRATE JUDGE KAY**
**INSURANCE CO**

### MEMORANDUM RULING

Before the Court is Defendant Allstate Vehicle & Property Insurance Co.'s ("Allstate") Motion for Summary Judgment (Doc. 19), wherein Allstate moves the Court to render final judgment in its favor and grant reimbursement of all sums heretofore paid to and on behalf of Plaintiff Jennifer Rulon, in her capacity as Executrix of the Succession of Lindsay Dian Rettig. Plaintiff opposes the motion. Doc. 28.

### I.   BACKGROUND

This diversity action arises from an insurance coverage policy ("Policy") dispute related to losses sustained by Hurricane Laura on August 27, 2020. Doc. 19-1, p. 2. The Policy was issued by Allstate to Lindsay Rettig. *Id.* The property subject to the Policy, located at 1431 N. Greenfield Circle, Lake Charles, Louisiana, sustained damage from Hurricane Laura. *Id.* On July 30, 2019, Ms. Rettig died. *Id.*, at 3. The Policy's coverage duration at the time of Ms. Rettig's death was from June 26, 2019, to June 26, 2020. Doc. 7, p. 1; Doc. 19-1, p. 1. Ms. Rettig's daughter, Jennifer Rulon, inherited the Property. Doc. 28-3, p. 1. Ms. Rulon as the sole heir and executor of Ms. Rettig's estate, handled the

succession. The succession, which was stalled by Court closures due to COVID-19, was formally closed on October 5, 2020. *Id.*, at 1–2.

After Hurricane Laura, Plaintiff filed a claim with Allstate. On August 25, 2021, Plaintiff filed suit in this Court for damages in the amount of $160,000 due to breach of contract, breach of the duty of good faith and fair dealing under Louisiana Revised Statutes section 22:1973, as well as breach of statutory duty and penalties under Section 22:1892(B)(1). Doc. 1, pp. 5–10. On October 26, 2021, Allstate filed a counterclaim demanding repayment of amounts it had dispersed because the Policy coverage had lapsed and the automatic renewal on June 27, 2020, was void *ab initio* as a matter of law. Allstate argues that the named insured did not possess legal capacity to enter into a new contract, *i.e.*, a new one-year coverage term. Doc. 8., pp. 1–1.

Jury Trial is set for April 10, 2023. Doc. 11.

## II.  <u>LEGAL STANDARD</u>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

Additionally, when the nonmovant bears the burden of proof at trial, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery an upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id.* at 322–23 (quotations omitted). The movant's burden to show the lack of a genuine issue of material

fact "may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Finally, courts may consider the evidence shown in a nonmoving party's opposition to motion for summary judgment to determine whether it, "if reduced to admissible evidence, would be sufficient to carry [his/her/its] burden of proof at trial." *Id.* at 327.

### III. <u>LAW & ANALYSIS</u>

Here, Allstate avers that it inspected the Property and paid out a total of $197,457.38,[1] which was not owed due to the expiration of the policy following the named insured's death and misrepresentations by Plaintiff. Doc. 19-3, pp. 1–2. Plaintiff claims that she contacted Hight-Doland, the issuing agent, and that due to her mother's health issues, she would be assuming responsibility or paying the Policy's premium payments. Doc. 28-4, p. 1. Furthermore, Plaintiff claims that following her mother's death she went to Hight-Doland in person and provided a copy of her mother's death certificate, at which point she claims that Hight-Doland advised her that they would need the succession documentation in order to transfer the policy into her name.   Plaintiff made monthly premium payments, *Id.* at 2. and argues that none of her 2019 and 2020 premium payments were rejected or refunded by Hight-Doland. Id. at 2–3. Plaintiff also claims that at no point prior to, or after the end of the renewal period on June 26, 2020, did Hight-Doland advise Ms. Rulon that the Policy was at risk of termination or cancellation, or that any additional action would be required in order to maintain coverage on the Property. *Id.* at 2.

---

[1] $90,255.80 for repairs to Plaintiff's Dwelling, $4,786.54 for Other Structures, $82,895.84 for Contents and $19,519.02 for Additional Living Expenses. Doc. 19-3, p. 1.

Whether a valid insurance contract for the one-year term beginning June 27, 2020, remains a genuine issue of material fact. Plaintiff has supplied sufficient probative evidence in the form of her deposition testimony that Allstate represented to her that the Policy was in good standing at the time of the loss on August 27, 2020. Doc. 28-5, pp. 58–59. Furthermore, her deposition testimony indicates that Allstate neither took issue with receiving the premium payments nor attempted to refund the payments for want of a valid insurance contract. *Id.* Plaintiff also submitted the Underwriting File to the Policy, which indicates that the Policy would remain in effect from June 27, 2020, to June 27, 2021. In addition, the address had been updated from her mother's P.O. Box to Plaintiff's rental property at 5887 Elliot Rd., Lake Charles. Doc. 28-7. The Court must view all evidence in the light most favorable to Plaintiff. *See Clift*, 270 (5th Cir. 2000). Under this standard, summary judgment must be denied.

Additionally, Allstate moves the Court to void the Policy based on the Plaintiff's alleged fraud and misrepresentations. Doc. 19, p. 11. The Policy states: "This policy is void if it was obtained by misrepresentation, fraud, or concealment of material facts, if such misrepresentation, fraud, or concealment of material facts was made with the intent to deceive." *Id.* Plaintiff points out that on one hand Allstate claims the Policy was obtained by misrepresentation and fraud while on the other made changes to the Underwriting File dated June 26, 2020. The Court finds that Allstate has presented insufficient evidence that Plaintiff obtained the Policy by fraud or misrepresentation as most of its allegations of fraudulent behavior relate to claims process.

In all, genuine issues of material fact remain for the jury to decide.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Allstate's Motion for Summary Judgment (Doc. 19) will

be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 14th day of March 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**